829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert F. GILBERT, Defendant-Appellee.
 No. 86-5689
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1987.
Decided September 8, 1987.
 
 Charles Porter (Elizabeth Van Doren Gray, Jane W. Trinkley, Celest T. Jones, McNair Law Firm, P.A., on brief), for appellant.
 Gail Brodfuehrer, Tax Division, Department of Justice (Roger M. Olsen, Assistant Attorney General, Michael L. Paup, Robert E. Lindsay, Attorneys, Tax Division, Department of Justice, Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and VAN GRAAFEILAND, Senior United States Circuit Judge for the Second Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert F. Gilbert appeals from an order of the district court denying his motion to dismiss the indictment which charged him with preparing false individual income tax returns, in violation of 26 U.S.C. Sec. 7201. We affirm.
 
 
 2
 In an earlier ruling the district court granted defendant's motion for a mistrial due to the improper questioning by the government. Gilbert subsequently moved to dismiss the indictment against him on the ground that a retrial is barred by the double jeopardy clause of the Fifth Amendment. The district court, at the hearing on the motion to dismiss the indictment, denied the motion, concluding that the prosecutorial misconduct was not intended to provoke a mistrial. The court, ruling from the bench, found that although the conduct of the prosecutor was overreaching and harassing, he had caused a mistrial through ignorance and professional negligence rather than through deliberate effort. The court concluded that the prosecutor's misconduct did not, therefore, rise to the level required under Oregon v. Kennedy, 456 U.S. 667 (1982), before a retrial would be barred. This appeal followed.
 
 
 3
 On appeal, Gilbert contends that the district court erred in concluding that the prosecutor did not intend to provoke a mistrial.
 
 
 4
 Upon consideration of the record, briefs, and oral arguments, we reject this contention as meritless. In Oregon v. Kennedy, supra at 679, the Supreme Court held that retrial is permitted following the granting of a defense motion for mistrial unless the prosecutor engaged in misconduct intended to provoke the defendant to request a mistrial. The district judge's finding that the prosecutor lacked the specific intent to goad the defendant into requesting a mistrial must be upheld, as it is not clearly erroneous. We, therefore, affirm the district court's order refusing to dismiss the indictment.
 
 
 5
 AFFIRMED.